IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| HLHZ INVESTMENTS, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>PLAID PANTRIES, INC., an Oregon corporation; PLAID HOLDING COMPANY, LLC., an Oregon limited liability company; and WILLIAM C. GIRARD, JR.,<br><br>        Defendants. | Civil Case No. 06-797-KI *(Lead Case)*<br>**CONSOLIDATED CASES**<br><br>OPINION AND ORDER |

      Robert D. Newell
      Eric L. Dahlin
      Matthew D. Larson
      Davis Wright Tremaine LLP
      1300 S.W. Fifth Avenue, Suite 2300
      Portland, Oregon  97201

          Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Stephen F. English
Renee E. Rothauge
Bullivant Houser Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089

    Attorneys for Defendant Plaid Pantries, Inc.

Milo Petranovich
Julie M. Engbloom
Peter D. Hawkes
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon  97204-3158

    Attorneys for Defendant Plaid Holding Company, LLC and William C. Girard, Jr.

KING, Judge:

I entered an Opinion and Order on October 23, 2007 which dismissed all claims in the case except for Girard's fraud and promissory estoppel counterclaims alleged against Houlihan Lokey. Before the court is HLHZ's Motion for Reconsideration and Motion to Correct Clerical Error (#225).

I first correct the clerical error. HLHZ prevailed on its motion against the counterclaims for right of first refusal and attorney fees. Thus, HLHZ's Motion for Partial Summary Judgment (#136) is granted in part and denied in part. I amend the prior filings to reflect this correction.

HLHZ seeks reconsideration of my ruling dismissing its breach of fiduciary duty claim alleged against Girard for causing Plaid Pantries not to opt out of the Oregon Control Share Act. The Act can be opted out of by a vote of the board or the shareholders. ORS 60.804. I first concluded that the business judgment rule applied to managers of LLCs. I then concluded that

Page 2 - OPINION AND ORDER

there was no evidence that Girard could control either a vote of the Plaid Pantries board or its shareholders so there was no need to address the business judgment rule.

HLHZ points to evidence that Plaid Holding owns a slight majority of Plaid Pantries stock on a fully diluted basis and that Girard, as managing member of Plaid Holding, has the exclusive right and power to vote those shares. HLHZ argues that Girard thus had the ability to cause Plaid Pantries to opt out of the Act through a shareholder vote. Girard concedes that this course of action is theoretically possible. Girard's Resp. to Mot. for Recons. at 2. The parties then dispute the wisdom of Girard's conduct and whether he is protected from liability by the business judgment rule.

I previously did not focus on the percentage of Plaid Pantries stock that Girard controlled. I now agree that he could control a shareholder vote to opt out of the Act. But I also agree with HLHZ that a decision on the business judgment rule is too fact dependant to be determined in summary judgment. Accordingly, I change my ruling and deny Girard's motion for summary judgment against HLHZ's breach of fiduciary duty claim based on him causing Plaid Pantries not to opt out of the Act. The claim will be tried along with Girard's counterclaims against Houlihan Lokey.

///

///

Accordingly, HLHZ's Motion for Reconsideration and Motion to Correct Clerical Error (#225) is granted and the ruling on Defendants Plaid Holding Company, LLC's and William C. Girard, Jr.'s Motion for Summary Judgment (#140) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this      21st          day of November, 2007.

    /s/ Garr M. King
Garr M. King
United States District Judge