IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HLHZ INVESTMENTS, LLC, a California )
limited liability company, )
                                      Plaintiff, )    Civil Case No. 06-797-KI *(Lead Case)*
                                             )         **CONSOLIDATED CASES**
       vs. )
                                             )    OPINION AND ORDER
PLAID PANTRIES, INC., an Oregon )
corporation; PLAID HOLDING )
COMPANY, LLC., an Oregon limited )
liability company; and WILLIAM C. )
GIRARD, JR., )
                                             )
                            Defendants. )
                                             )

        Robert D. Newell
        Eric L. Dahlin
        Matthew D. Larson
        Davis Wright Tremaine LLP
        1300 S.W. Fifth Avenue, Suite 2300
        Portland, Oregon  97201

                Attorneys for Plaintiff

Stephen F. English
Renee E. Rothauge
Bullivant Houser Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089

    Attorneys for Defendant Plaid Pantries, Inc.

Milo Petranovich
Julie M. Engbloom
Peter D. Hawkes
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

    Attorneys for Defendant Plaid Holding Company, LLC and William C. Girard, Jr.

KING, Judge:

Before the court are Plaid Pantries, Inc.'s (#228), Girard's (#236), and Plaid Holding Company, LLC's (#239) Motions for Entry of Judgment pursuant to Federal Rule of Civil Procedure 54(b).

Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay."

Three claims remain for trial–Girard's claims for fraud and promissory estoppel and HLHZ's claim for breach of fiduciary duty based on Girard causing Plaid Pantries not to opt out of the Oregon Control Share Act.  All claims in the case, both those adjudicated and those remaining for trial, revolve around the Act.  The securities claims concern the failure to state a material fact about the applicability of the Act.  The contract claims concern whether the Operating Agreement must be interpreted to require Plaid Pantries to opt out of the Act.  The

Page 2 - OPINION AND ORDER

remaining breach of fiduciary duty claim concerns whether Girard breached his duty by causing Plaid Pantries not to opt out of the Act. Although the remaining fraud and promissory estoppel claims concern the purchase of the Citibank shares, the jury will have to understand the importance of the ownership of the shares to see a possible motive for fraud.

Because of this intertwining of facts, I conclude that there is a just reason for delay in entering a partial judgment because I am concerned about piecemeal appeals. If I am reversed on any of the rulings already made, a trial on the reinstated claims would be very repetitious of the trial on the three remaining claims. I also do not want to repeat any mistakes. Moreover, this case has a complicated set of facts which takes a while to master. I do not want to put that burden on the appellate court twice. Trial is scheduled for May 2008. For reasons of judicial economy, I conclude that it is better to try the remaining claims and present the entire case to the appellate court at one time.

Accordingly, I deny Plaid Pantries, Inc.'s (#228), Girard's (#236), and Plaid Holding Company, LLC's (#239) Motions for Entry of Judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

Dated this      5th      day of December, 2007.

                                             /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge